We have another case, another motion for argument this morning. It's Austin v. United States No. 18-4. We'll wait for the courtroom to clear. Okay. I want to be able to hear you. Okay. Okay, Mr. Roos, let's give it a try. And you can raise the podium if that would be more comfortable for you. I want to max it out. Okay. May it please the Court, my name is Nicholas Roos. I'm an Assistant United States Attorney for the Southern District of New York. I represented the United States in the proceeding below and in this proceeding. The lower court's grant of the defendant's habeas motion should be reversed. The court erroneously concluded that the defendant's prior robbery convictions were not categorically violent felonies under the Armed Career Criminal Act. And in Stokeling, the Supreme Court held that common law robbery categorically qualifies as a predicate violent felony under ACCA. Following Stokeling, this Court and Thrower concluded that New York third-degree robbery, attempted robbery, and every degree of robbery is a violent felony under ACCA. And Thrower is entirely dispositive of the appeal here 100%, and therefore, this Court should reverse. Have we done summary reversals before? I'm familiar with the summary affirmance of the government's motion, but I'm a little uncomfortable with summary reversals because they're often facts that one might have overlooked or something that came up in the procedure below. So maybe you can make me more comfortable with it since that's what you'd like us to do. Yes, Your Honor. So Your Honor is absolutely right that there have been instances of summary affirmances by this Court. Our briefing identifies two cases. I know there's some question about whether or not those were technically summary reversals. But the practice of summary reversal, as our briefing indicates, is something that's been done by other circuits. As Your Honor is well aware, it's a practice that's used extensively by the Supreme Court. But to contextualize it more to the circumstances here. I must say that when the Supreme Court does it to us, we always feel very uncomfortable. I understand, Your Honor. Certainly here it makes sense because this is not a fact-intensive question. The Thrower decision doesn't leave any daylight between what happened at the district court level and what is being proposed here. It decided the exact same question. And Your Honors have before you the briefing on this matter. Whether it's styled as a motion for summary reversal or a full merits briefing, the question, which is, are the three prior violent felonies committed by the defendant three violent felonies under ACCA? And that has been wholly decided as a legal matter. And that's all that will matter here as a legal matter by this circuit and Thrower. Mr. Austin had a second-degree attempted robbery, second-degree robbery, and a third-degree attempted robbery, is that right? That's correct, Your Honor. And those are all spoken to by Thrower? Exactly, Your Honor. Right. Thrower dealt with third-degree robbery and attempted robbery. But why isn't it more appropriate in a case like this to vacate and remand in the light of the decision that intervenes and then send it back to the district court to reconsider, given that? Wouldn't that be just a better procedure than our assuming necessarily, rather than letting the district court, which obviously didn't have before it, what you now bring to us? Why isn't that? And again, why isn't it better when the Supreme Court in a situation like that vacates and remands and sends back for consideration of the intervening case? Well, two responses to that, Your Honor. Number one is the intervening case and the cases that have cited it since establishes this issue as a legal matter. And so it's not something that the district court needs to consider from a factual standpoint. And there's a compelling reason why this court should just reverse and reinstate the sentence. First of all, Congress made the decision that 15 years as a mandatory minimum is appropriate in these circumstances. The defendant was released, and so to send it back would defy that congressional intent of having this defendant serve out the entirety of his sentence. Also, as a result of the district court's opinion — It doesn't depend what the district court did, whether he ends up serving the 15 years or not. It doesn't. I mean, if we vacate and remand, as Judge Calabresi is suggesting, why is that really contrary to congressional intent to have just a fresh look at the facts and circumstances, notwithstanding the legal — the intervening legal decision? I think ACCA expresses a congressional interest in having these folks serve out their sentences. And so it's more than just — How does it — how does it do anything different in that except to say to the district court, it's up to you to make the decision in the first instance in the light of what the law is, and we vacate you because you didn't have the law. But it's kind of grabby on our part, isn't it? Well, and I see my time is — I see I'm out of time, because I may answer your question. Please answer the question. So I don't believe so, Your Honor, because — because Your Honors would be reversing the district court decision in line with all of the other precedents, Thrower being one of them, but there have been a number of other summary orders by this circuit. And it not only furthers the congressional interest of having individuals who have been sentenced to serve out their sentences, but also it is consistent with having a uniformity across similarly situated defendants, some of those who are serving out those sentences under active — But why can't — why can't all of that be achieved by the district court — by the district court taking appropriate action? Again, I'm concerned about summary reversal as a process and about articulating what standard it is we're applying, because it's too tempting, I think, to eliminate people's opportunities to be heard and point out what we might have overlooked. Yes, Your Honor. And I think the briefing makes it clear that the defendant has — the issue has been vetted and fully raised before, Your Honors. It's really a narrow legal question, and I think on those grounds it's appropriate to reverse it. All right. We'll hear from Ms. Glashauser. Thank you, Your Honors. The government really is asking for unprecedented relief here. This Court has not granted summary reversal in any case I could find or as I understand it. Yeah, but is there any earthly reason why when the exact same issue has been decided we shouldn't just get it done? I mean, it is more polite maybe to the district court, but it's a waste of time, isn't it? No, Your Honor. This Court has not decided the exact same issue with respect to the one issue that the government raises, but also Mr. Austin has additional issues that he's mentioned in his motion response that the government hasn't responded to. For example, the government hasn't produced Shepard documents showing that these robberies took place on different occasions, and at least two of them did occur with a conviction and sentencing that happened on the same day. I'm sorry. I thought one was 1986, one was 1987, one was 1997. I believe two are 1987. There are two that were conviction and sentence on the same day, and the only record we have about the underlying facts are non-Shepard documents. The government hasn't been asked to put in Shepard documents, and the government hasn't responded saying that they have them. The second issue that the government hasn't addressed is this due process and fundamental fairness issue, that Mr. Austin has been out in the community for a full two years, successfully rehabilitated. He's been working. He has been taking care of his elderly mother, and he is doing everything he needs to do. This Court has said — What about the government's argument, though, for uniformity? Congress expressed its view that a 15-year mandatory minimum is appropriate, and in ACCA cases where there are qualifying predicate offenses, why shouldn't Mr. Austin be subject to that the way everybody else who has those three predicate offenses is? Well, Mr. Austin actually has his own selective enforcement argument that this is being applied to him, where it was not applied to people that were in similarly situated cases whose cases were reversed when New York robbery was deemed not to be a violent felony under ACCA. And their cases were not appealed, and they're allowed to remain at liberty. Mr. Austin is one of, I believe, two cases that I'm aware of that are in this more and doing very well for over two years in the community after serving 11 years on his original sentence. So this is — this is an issue of selective enforcement against Mr. Austin. Do you have any objection to a vacator and remand in the light of the intervening cases? I agree with Your Honor that that is a better remedy than — No, I — that is — of course you think it's a better remedy. But I want to know whether you have any objection to that being done. Do you have any reason why that should not be done? The reason why that should not be done is because of the unusual procedural posture that the government has brought this case to the court in. They have brought this on a motion for summary reversal. There aren't cases of summary reversal. As recently as 2015, a panel of this court said, we have never employed a procedure equivalent to a summary reversal. Even summary affirmances are meant to be rare because they short-circuit the appeals process and don't allow the court to consider the full record, which includes what attempted robbery means in terms of ACCA, but also includes these other issues that Mr. Austin has raised and the government hasn't responded to. This court shouldn't just simply ignore the factual circumstances of this case, which are unusual, and take this as the first opportunity to do an unusual remedy when we have somebody who is doing well and successfully rehabilitated. In United States v. Wray, this court looked to that issue of rehabilitation as being important when the government was asking to sentence somebody after — Yes, but what difference can that make if there is a mandatory minimum sentence? The fact that, you know, that might have affected what the government charged with, it might have — the discretion of the U.S. attorney and all of those things. But where it stands today, while I wish they could take it into account, can the district court take into account the things you want them to take into account? Well, this court can and did in Wray and said that sentencing after a long period of time violated the person's due process rights because of the person's successful rehabilitation. Oh, I see. So you're planning to — you would, if we don't summarily reverse plan to make a due process attack on the mandatory minimum. Correct, Your Honor. And additionally, if I may briefly address Thrower. Thrower is a case where the parties didn't brief this issue of attempted New York robbery. That was a side issue that I believe came up maybe during the argument process. The status of attempt crimes under ACCA and 924C is something that is being fully litigated before this court. Most recently in U.S. v. Nolan, the court ordered additional briefing by the parties with respect to attempt in the Hobbs Act robbery context before argument. The case hasn't been decided. So this isn't an issue that is as straightforward as the government is presenting it. All right. Thank you very much. We'll take the matter under advisory. Thank you, Boo.